**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIAN FANG WANG, | No. 12-73268 |
| Petitioner, | Agency No. A076-279-132 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Jian Fang Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The agency did not abuse its discretion by denying Wang's third motion to reopen as untimely and number-barred because the motion was filed almost thirteen years after the final order, and Wang admitted he had notice of the hearing. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A); *Singh-Bhathal v. INS*, 170 F.3d 943, 946 (9th Cir. 1999) (alien who receives notice of hearing has 180 days from date of in absentia deportation order to file a motion to reopen).

The BIA also did not abuse its discretion in determining that Wang failed to demonstrate due diligence as required for equitable tolling of the filing deadline based on ineffective assistance of counsel. *See Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011). We reject Wang's contention that he was denied the right to a hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

In addition, the BIA did not abuse its discretion in finding Wang failed to qualify for the regulatory exception to the time and numerical limits for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-997 (9th Cir. 2008) (requiring movant to establish prima facie eligibility for relief).

12-73268

Finally, we reject Wang's contention that the BIA did not adequately examine his evidence or consider his explanations regarding due diligence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**